WILLIAM H. COFFIELD *v.* JAMES C. WARREN and others.

Where an order for a new trial was granted in favor of a defendant, and at the ensuing term was set aside at the instance of the plaintiff, the defendant had a right under Sec. 133, of the Code of Civil Procedure to move to set aside the original judgment; and, if in his discretion, the facts justified it the presiding Judge committed no error in granting the same.

MOTION to set aside a judgment, heard by his Honor, *Judge Albertson*, at Spring Term, 1874, of CHOWAN Superior Court.

The following are the facts as found by the Judge of the Court below and sent up to this Court as part of the record.

The case was first tried before his Honor, *Judge* WATTS and a jury, at Spring Term, 1873, when the jury returned a verdict for the plaintiff, and the Court rendered a judgment in accordance therewith. The defendant gave notice of a motion for a new trial during the term, which was accepted by the plaintiff, but the motion was not heard until the ensuing week at Perquimans Court; when heard, the motion was granted by Judge WATTS, and the order, setting the judgment aside, duly signed and filed.

The term of Chowan Court at which the plaintiff obtained judgment, was a protracted one, extending through the whole two weeks, and the last three days thereof was occupied by a tedious and complicated trial, involving a very large amount. On the last day of this term and immediately after the trial of the cause before alluded to, the presiding Judge (WATTS) remarked on leaving the bench, that he did not intend to hear any further business. The defendant's counsel very soon thereafter sought the Judge, for the purpose of having his motion for a new trial heard, but learned that he had gone in the country, from whence he did not return until night.

The common and tacitly understood custom among the lawyers of the Chowan Bar, has been to hear and finally act on all motions, orders, &c., which required action at that Court, but which failed to be heard or granted for want of time or other sufficient cause, during the next ensuing week at Perquimans Court.

During the next week, at Perquimams Court, the defendant's counsel sought the attorney of the plaintiff, and proposed to take up and argue the motion in the Judge's room. To this, the plaintiff's counsel did not object, but failed to attend at the time. The Judge heard the motion and granted an order for a new trial.

At the ensuing Fall Term, (1873,) the plaintiff moved to set aside the order of Judge WATTS, granting a new trial, because not made during the Spring Term (preceding) of the Court; and for judgment as orginally rendered. The plain-

tiff's motion was granted ; whereupon the defendant moved to set aside the original judgment in favor of the plaintiff, entered at Spring Term, 1873, under the provisions of sec. 133, Code of Civil Procedure.

Upon consideration of the facts, his Honor being of opinion that under that section of the Code the defendant was entitled to such relief, granted his motion and set aside the original judgment.

From this order, the plaintiff appealed.

*Gilliam & Pruden, D. C. Winston* and *Smith & Strong* for appellant.

No counsel, *contra* in this Court.

SETTLE, J.   We think that his Honor had full power, under sec. 133 of the Code of Civil Procedvre, to grant the order appealed from.   And we further think, from the facts found by his Honor, that the ends of justice demanded the action which he took in the premises.

To maintain the position of the plaintiff, would deprive the defendant of his right to move for a rule to show cause why a new trial should not be granted, when the facts show that he was in no default, but did all in his power to have his rule entered and argued.

We think his Honor has exercised a sound discretion in furtherance of justice.

Let this be certified, &c.

PER CURIAM.                              Order affirmed.